UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWN DREWERY obo SHAQUALIA FELDER**<br><br>**VERSUS**<br><br>**SID J. GAUTREAUX, III, in his official capacity as Sheriff of East Baton Rouge Parish, ET AL.** | **CIVIL ACTION**<br><br>**NO. 18-376-JWD-RLB** |

### ORDER

Before the Court is Defendants' Motion to Stay Discovery (R. Doc. 23) filed on May 31, 2018. The motion is opposed. (R. Doc. 26).

On or about February 9, 2018, Shawn Drewery, on behalf of Shaqualia Felder ("Plaintiff") filed this civil rights action under 42 U.S.C. § 1983 alleging, among other things, excessive force, malicious arrest, unnecessary imprisonment, and unreasonable search and seizure. (R. Doc. 1-3 at 2-6). The Petition names as defendants Sid Gautreaux, the Sheriff of East Baton Rouge Parish, and Leroy Griffin, a deputy sheriff (collectively, "Defendants"). (R. Doc. 1-3 at 2).

Defendants removed the action on April 5, 2018. (R. Doc. 1).

On April 18, 2018, Defendants filed a motion to dismiss, asserting, in part, that they are entitled to qualified immunity. (R. Doc. 4). The motion remains pending before the district judge.

Defendants now seek a stay of discovery in light of their assertions of qualified immunity in their motion to dismiss. (R. Doc. 23). Plaintiff primarily argues that the motion should be denied because Defendants' defense of qualified immunity will not succeed on the merits. (R. Doc. 26).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). As clarification, the Court explained that it is only when the district court "is unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover only those facts needed to rule on the immunity claim," that an order allowing limited discovery is neither avoidable nor overly

broad. *Lion Boulos*, 834 F.2d at 507-08.  However, discovery on the issue of qualified immunity "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold question, and until this threshold immunity question is resolved, discovery should not be allowed.").  This heightened pleading standard requires the plaintiff "to allege the particular facts forming the basis of his claim, including those preventing [the individual defendant] from successfully maintaining a qualified immunity defense." *Wicks*, 41 F.3d 994-995.  "To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that [the individual defendant] violated clearly established statutory or constitutional rights." *Id*. at 995.

Given the foregoing, Plaintiff has not raised a substantive basis for denying the relief sought in the instant motion.  The Court concludes that a stay of discovery in this action is warranted in light of Defendants' asserted qualified immunity defense.

**IT IS ORDERED** that Defendants' Motion to Stay Discovery (R. Doc. 23) is **GRANTED.**  The parties are to contact the undersigned **within 7 days** of the district judge's ruling on the pending motion to dismiss (R. Doc. 4), so that a status conference may be set to discuss the need for modification of the current deadlines.

Signed in Baton Rouge, Louisiana, on January 18, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**