UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHAWN DREWERY obo SHAQUALIA
FELDER

CIVIL ACTION

VERSUS

NO. 18-376-JWD-RLB

SID J. GAUTREAUX, III, IN HIS
OFFICIAL CAPACITY AS SHERIFF OF
EAST BATON ROUGE PARISH, ET AL.

RULING AND ORDER

This matter comes before the Court on the *Motion to Vacate Judgment* (Doc. 56) filed by Plaintiff Shawn Drewery, on behalf of Shaqualia Felder ("Plaintiff"). Defendants, Sid J. Gautreaux, III, Sheriff of East Baton Rouge Parish, and Deputy Leroy Griffin, in his individual capacity as a Deputy Sheriff for East Baton Rouge Parish (collectively, "Defendants"), oppose the motion. (Doc. 50.) The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiff's motion is denied.

I.      Relevant Factual and Procedural Background

Plaintiff filed a *Petition for Damages* in the 19th Judicial Court of the Parish of East Baton Rouge against Defendants regarding an incident which occurred on February 7, 2018. (Doc. 1-3 at 2–6.) Defendants removed the matter to the Middle District of Louisiana. (Doc. 1.) Defendants subsequently filed a *Motion to Dismiss* (Doc. 4) pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4-1 at 1.) The Court granted the motion in part and denied it in part. (Doc. 31.) All of Plaintiff's § 1983 claims were dismissed except for his claims against Deputy Griffin in his individual capacity for compensatory and punitive damages for false arrest and excessive force. (*Id.* at 29.) Plaintiff's state law claims survived as well. (*Id.* at 27.)

On March 3, 2020, Defendants filed a *Motion for Summary Judgment* (Doc. 44) ("*MSJ*") to dismiss Plaintiff's remaining claims. Notice of the *MSJ* was electronically filed with the Clerk of Court using the CM/ECF system stating: "Opposition to the motion shall be filed within 21 days from the filing of the motion. . . ." (Doc. 45.) Under the Federal Rules of Civil Procedure and the Local Rules of Court, Plaintiff was required to file an opposition no later than March 23, 2020. (Doc. 46 at 1.)

Plaintiff failed to timely oppose the *MSJ*. In a *Ruling* dated May 4, 2020, the Court granted the Defendants' *MSJ* and dismissed Plaintiff's claims with prejudice. (Doc. 46 at 2.) The *Ruling* explained that Plaintiff must respond within 14 days, that the response should explain his Plaintiff's failure to comply with the Court's deadline, and that the response must be accompanied by an opposition memorandum to the *MSJ*. (Doc. 46 at 2.)  Thus, Plaintiff's deadline was May 18, 2020. (*See id.*)

As of May 22, 2020, Plaintiff failed to respond to the *Ruling* within the Court's deadline. (*See* Doc. 47 at 1.) On May 22, 2020, the Court entered judgment in favor of Defendants and against Plaintiff and dismissed all claims by Plaintiff against Defendants with prejudice. (Doc. 47 at 1.)

On June 9, 2020, Plaintiff filed a *Motion for Leave to File Plaintiff's Motion to Vacate Judgment and Memorandum in Opposition of Defendants' Motion for Summary Judgment* (Doc. 49) ("*Motion for Leave*"). In the memorandum in support of this motion, Plaintiff contends that "because of malfunction or failure of the electronic filing system, PACER, the plaintiff failed to get any notice of the *MSJ* (Doc. 44), Notice of Briefing Schedule on the *MSJ* (Doc. 45), the *Ruling* granting the *MSJ* (Doc. 46), or the Judgment (Doc. 47)." (Doc. 49-1 at 1.)

Plaintiff offers evidence that on April 13, 2020 Plaintiff's counsel emailed PACER that he did "not get notices of court decisions or notes on [his] email anymore" and he did "not get Orders nor any notification from the court." (Ex. B, Doc. 49-6 at 2.) The email response by PACER is also included which explains "[t]he courts email ECF notifications, not PACER" and provides instruction on updating email addresses for troubleshooting. (Ex. C, Doc. 49-6 at 3.) Following this response from PACER, counsel for Plaintiff "believed that the problem was solved until this present moment when he found the Court's Order and Judgment in his Spam mail which was never the case before." (Doc. 49-3 at 3.)

"[T]he first time counsel learnt about the proceeding was May 21, 2020 when he saw the Order in his spam folder." (*Adebamiji Aff.* ¶ 9, Doc. 49-5 at 2.) Counsel for Plaintiff claims "[t]hat such lack of service and proper notice did not allow him to file a response on behalf of Plaintiff." (*Adebamiji Aff.* ¶ 6, Doc. 49-5 at 1.) He further states that the electronic filing system "was defective as Counsel failed to get service and notice until after the Order was signed by the Judge." (*Adebamiji Aff.* ¶ 7, Doc. 49-5 at 1.) Finally, Plaintiff's counsel states that "he has always used the Court's electronic filing system through PACER" and "he . . . complained to both the District Court and PACER about the problems." (*Adembamiji Aff.* ¶¶ 3, 8, Doc. 49-5 at 1.) Plaintiff also offers as evidence the email notice of the order granting the *MSJ* received on May 4, 2020 marked as "spam" (Ex. A, Doc. 49-6 at 1) in her counsel's email account.

Defendants opposed the *Motion for Leave* on June 23, 2020. (Doc. 52.) The Court granted the *Motion for Leave* on June 26, 2020 (Doc. 54), and the instant *Motion to Vacate Judgment* was entered on the docket on June 26, 2020 (Doc. 56). Defendants opposed the *Motion to Vacate Judgment*. (Doc. 50.)

## II.    Discussion

### A.  Parties' Arguments

Plaintiff moves to vacate the Court's judgment dismissing all claims against Defendants (Doc. 56.) Plaintiff, through her counsel, claims her failure to respond to the *MSJ* (Doc. 44) and the *Ruling* (Doc. 46) was a result of failure to receive electronic copies from the court. (Doc. 56-1 at 1.)  Plaintiff relies on Federal Rules of Civil Procedure 55 and 60 as justifications for relief under these circumstances. (*See* Doc. 56-1 at 3.)

Plaintiff relies on Fed. R. Civ. P. 55(c) as the applicable standard to justify vacating the judgment which states "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b) as well as cases regarding setting aside a default judgment. (Doc. 56-1 at 3–4.) Courts apply a less rigorous "good cause" standard in setting aside default judgments under Rule 55 than the more difficult standard set forth in Rule 60(b). (Doc. 56-1 at 3.) Plaintiff notes that courts "should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." (Doc. 56-1 at 5 (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).) Plaintiff asserts that the Court's email being diverted into Counsel's spam folder meets the "good cause" standard under Federal Rule of Civil Procedure 55. (Doc. 56-1 at 5.)

In addition to Rule 55, Plaintiff also argues that the Court should grant the *Motion to Vacate* based on Rule 60(b)(4) because "the judgment is void." (Doc. 56-1 at 4.) In support, Plaintiff cites *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60 (5th Cir. 1992), a case in which the court refused to set aside default judgment after defendants received notice of and failed to answer the complaint. (Doc. 56-1 at 4.) Plaintiff asserts that he did not receive service due to the failure of the electronic mailing system when Plaintiff was "entitled to service . . . as

4

stated in Rule 5." (Doc. 56-1 at 4; *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982) ("[O]rdinarily all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack.").)

Finally, Plaintiff asserts that Fed. R. Civ. P. 60(b)(6) "allows the District Court to set aside even default judgment for any other reason that justifies relief as stated herein." (Doc. 56-1 at 4.) "A Defendant's default does not in itself warrant the Court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." (Doc. 56-1 at 4 (quoting *Wooten v. McDonald Transit Assocs., Inc.* 775 F.3d 689 (5th Cir. 2015).) Based on the "equitable principals encompassed within Rule 60(b)", Plaintiff concludes that the Court should grant relief and vacate the judgment. (Doc. 56-1 at 5.)

Defendants reject the contention that the Court should grant Plaintiff's *Motion to Vacate* based on either Rule 55 or Rule 60(b). (Doc. 50.) Defendants argue that the Plaintiff "continuously and mistakenly cited Fed. R. Civ. P. 55 as the guiding standard for vacating the Court's judgment." (Doc. 50 at 2.) Defendants sought relief on the grounds of summary judgment pursuant to Fed. R. Civ. P. 56, not default judgment pursuant to Fed. R. Civ. P. 55. (Doc. 50 at 2.) Defendants state the numerous cases cited by Plaintiff regarding default judgment relief are distinguishable to this case, so the good cause standard for default judgment is inapplicable. (Doc. 50 at 6.) Rather, the proper standard is excusable neglect under Rule 60(b). (*Id.*) Assuming *arguendo* the Court finds the good cause standard appropriate in this case, Defendants maintain that Plaintiff failed to prove good cause. (Doc. 50 at 2 ("The three factors are '(1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented.'").)

5

Defendants reject the notion that Plaintiff is entitled to relief based on Rule 60(b)(4). (Doc. 50 at 4.) Defendants argue that the correct standard for relief from the *Ruling* granting the *MSJ* is Fed. R. Civ. P 60(b)(1). (Doc. 50 at 4.) Defendants assert that the electronic mailing system notice being diverted to the spam folder does not constitute lack of service under Local Civil Rule 5(f). ("As provided by Fed. R. Civ. P. 5(b)(2)(E), if a recipient is a registered filer in the Court's Electronic CM/ECF Filing System, service is complete when the document is electronically filed or uploaded to the Court's system.") Defendants do not dispute that due process is necessary, but rather argue that Plaintiff did properly receive service and notice "even if the e-mail notification went to his spam folder." (Doc. 56 at 5.) Although Counsel for Plaintiff states that he took corrective measures on April 13, 2020 to receive notifications from the Court, "[h]e did not indicate that he took any affirmative measures to determine if he missed any notices from the case at hand prior to April 13th, including reviewing his spam folder notices of electronic filing or receiving the docket on Pacer." (Doc. 50 at 5.) Thus, Plaintiff did not prove a violation of due process sufficient to justify relief under Rule 60(b)(4). (Doc. 50 at 6.)

Defendants also reject Plaintiff's argument that he is entitled to relief under Rule 60(b)(6) because "a court may vacate a judgment for any other reason that justifies relief, but a court exercise[s] this power sparingly, granting relief only in extraordinary circumstances." (Doc. 50 at 6 (internal quotations omitted).) Since Plaintiff failed to prove both excusable neglect or good cause, "Plaintiff's counsel is not entitled to relief under Fed. R. Civ. P. 60(b), or even Fed. R. Civ. P. 55." (Doc. 50 at 6.) Thus, Defendants conclude, the Court should deny Plaintiff's *Motion to Vacate Judgment*. (Doc. 50 at 6.)

### B. Relevant Standard

A court may provide relief from a final judgment on the following grounds: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with reasonable diligence; (3) fraud, misrepresentation, or other misconduct of an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, release, discharged, reversed, or vacated; or (6) any other reason justifying relief . . . ." Fed. R. Civ. P. 60(b).

Rule 60(b)(1) permits a district court to "relieve a party from . . . a final judgment" because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The Supreme Court has explained that the determination of what sorts of neglect will be considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993)). Courts should consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. "A party has a 'duty of diligence to inquire about the status of the case.'" *Trevino*, 944 F.3d at 571 (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). "Gross carelessness" is an "insufficient bas[i]s for 60(b)(1) relief." *Id.* (quoting *Edward H. Bohlin Co.*, 6 F.3d at 357). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (quoting *Edward H. Bolin Co.*, 6 F.3d at 357).

Other relevant grounds for justifying relief from final judgment are subsections (4) and (6). A court may provide relief from judgment under Rule 60(b)(4) in only two circumstances: "1) if the initial court lacked subject matter or personal jurisdiction; and 2) if the district court acted in a manner inconsistent with due process of law." *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (citing *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998)). "To justify relief under subsection (6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay." *Pioneer*, 507 U.S. at 393, 113 S. Ct. at 1497.

### C.  Analysis

In short, the Court will deny the *Motion to Vacate Judgment*. Neither Rule 55 on default judgment nor Rule 60(b) of the Federal Rules of Civil Procedure justify granting relief to the Plaintiff for her counsel's failure to timely respond to Defendants' *MSJ*.

Preliminarily, Plaintiff erroneously relies on Federal Rule of Civil Procedure 55 as the standard for vacating the Court's judgment. Rule 55(c) permits the court to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). While Plaintiff correctly states the good cause standard of Rule 55(c) as less rigorous than the excusable neglect standard under Rule 60(b)(1), the good cause standard does not apply to this case because Court did not grant a motion for default judgment. Rather, the Court granted the Defendants' *MSJ* pursuant to Rule 56.  Rule 55 is therefore inapplicable to this case, and Plaintiff's reliance on the good cause standard for setting aside default judgments is erroneous.  Rather, the Court must look to the excusable neglect standard pursuant to Rule 60(b)(1).

The Fifth Circuit has applied Federal Rule of Civil Procedure 60(b)(1) to analogous cases in which counsel filed for relief from judgment based on court's electronic notice being

unknowingly diverted to a spam or other non-inbox folder resulting in counsel's failure to timely respond. In *Onwechekwe*, counsel filed for relief from a dismissal of a case based on excusable neglect claiming that the court's email of opposing counsel's motion to dismiss was sent to spam and went unseen. *Onwechekwe v. Okeke*, 404 F. App'x 911 (5th Cir. 2010). The Fifth Circuit affirmed the district court's decision to deny relief under FRCP 60(b)(1) on grounds of mistake when notice did not reach counsel for appellants "because there were issues related to their counsel computer set up of emails receipt." *Id.* at 911-12. Although the lower court doubted whether counsel was truthful in claiming it never received the email because counsel had no difficulty receiving other emails from the court, counsel's potential untruthfulness was not determinative of the lower court's decision to deny relief under Rule 60(b)(1). *Id.* at 912. The Fifth Circuit held that "it was not an abuse of discretion [for the district court] to conclude that sending court communications to the spam folder is inexcusable neglect" even when an email setting deflects notice away from counsel's inbox. *Id.*

The Fifth Circuit also spoke to this issue in *Trevino v. City of Fort Worth*, 944 F.3d 567 (5th Cir. 2019). In *Trevino*, Plaintiffs alleged excusable neglect under FRCP 60(b)(1) when counsel failed to register with CM/ECF and "defective antivirus software diverted court emails to a spam folder." *Id.* at 571. Plaintiffs claimed it was a mistake in part because the case was no longer on their list of active cases. *Id.* The court cited *Onwuchekwe* starting "we held that the district court did not abuse its discretion in concluding that sending court communications to the spam folder does not constitute excusable neglect under Rule 60(b)." *Id.* at 572 (internal quotations omitted). The court concluded that "[e]mails mistakenly going to a spam folder do not merit Rule 60(b) relief" even when emails were diverted due to alleged antivirus software instead of faulty email settings as in *Onwuchekwe*. *Id.* Thus, the Fifth Circuit has ruled that emails

mistakenly diverted to a spam folder are insufficient to justify the relief requested by the Plaintiff. Many circuits have ruled similarly. *See* Jay M. Zitter, *Relief From Judgment due to Attorney Neglect or Error Concerning Judicial Electronic Filing (E-filing) Procedures*, 27 A.L.R. 7, § 28. The facts of *Onwuchekwe* and *Trevino* are nearly identical to those of the case at hand, so the Court will similarly deny Plaintiff's *Motion to Vacate Judgment*.

Few courts have ruled that notice diverted to a spam folder qualifies as excusable neglect sufficient to support relief pursuant to Rule 60(b)(1). *See* Zitter, *supra*, at § 27. Courts have only granted relief in similar circumstances when counsel was completely unaware of computer problems, the delay caused by counsel's mistake was very slight, the case was in early stages of the proceeding, and there was no indication of bad faith by counsel. *See id.* For example, in *Fernandes v. Craine*, 538 F. App'x 274 (4th Cir. 2013), Plaintiff was entitled to move for attorney's fees within 14 days of judgment, but counsel did not learn until a day past the deadline because notice of the judgment was diverted into the "junk mail" folder of the email. There was nothing to suggest that counsel was aware of any computer problems or willful blindness, especially since the verdict was favorable to the plaintiff. *Id.* at 276. Absent evidence to the contrary, counsel's failure to file timely for attorney's fees was excusable neglect. *Id.* at 274.

Counsel for Plaintiff in the case at issue realized the CM/ECF notification issue on April 13, 2020, and, despite his contentions, failed to present any evidence that he attempted to resolve the issue apart from sending one email to PACER. (*See* Ex. B, Doc. 49-6 at 2; *see also Adebamiji's Aff.*, Doc. 49-5 at 1.) Further, April 13 was six weeks after the *MSJ* was filed. Plaintiff, who admits to having "always used the Court's electronic filing through PACER" (*Adebamiji''s Aff.* ¶ 3, Doc. 49-5 at 1), could have taken affirmative efforts to check the status of the case online since he was aware he was not receiving court notice and since he was fully

aware of his technical difficulty in regards to receiving emails from the Court. The mistake affects the case in late stages of its proceeding, and the length of the delay and burden placed on Defendants caused by Counsel for Plaintiff's neglect and failure to inquire about the status of the case are not insignificant. Counsel had a "duty of diligence to inquire about the status of the case." *Trevino*, 944 F.3d at 571. The lack of corrective measures to ensure the email notification issue was resolved or to check the status of the pending case directly online suggest this duty was not met. In sum, the failure to realize the court's notifications were diverted into Counsel's spam folder and subsequent failure to respond to Defendant's *MSJ* or the Court's *Ruling* does not constitute excusable neglect under Rule 60(b)(1).

Additionally, the Court does not have sufficient evidence to grant relief based on Rules 60(b)(4) or 60(b)(6). For the Court to grant relief to the plaintiff under Rule 60(b)(4), Plaintiff would need to put on evidence that due process was violated. However, Local Civil Rule 5(f) indicates that service was completed the moment the documents were filed or uploaded onto CM/ECF. Therefore, there was no violation of due process. Finally, the Court cannot grant the *Motion to Vacate* under Rule 60(b)(6) because "extraordinary circumstances" are not present to justify granting relief to the plaintiff. Since Plaintiff failed to prove both excusable neglect or good cause, "Plaintiff's counsel is not entitled to relief under Fed. R. Civ. P. Rule 60(b), or even Fed. R. Civ. P. 55." (Doc. 50 at 6.)

### III.    Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Vacate Judgment* (Doc. 56) filed by Plaintiff Shawn Drewery, on behalf of Shaqualia Felder, is **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>September 10, 2020</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**